United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| SPIRAL DYNAMICS GROUP, INC. | § | |
| | § | |
| V. | § | CASE NO. 4:06CV188 |
| | § | (Judge Schneider/Judge Bush) |
| CHRIS COWAN, d/b/a | § | |
| NVC CONSULTING | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiff, Spiral Dynamics Group, Inc.'s ("SDG") Motion to Remand. (Docket #4). At the Court's scheduling conference, the Court heard argument on the motion. Having considered the motion, the responsive pleadings, and the arguments of counsel, the Court finds as follows.

On February 4, 2005, SDG filed its original petition. Citation was issued on the same day. Evidently, citation was never served on the Defendant, Chris Cowan, because of a bad address. For a period of several months, it appears that SDG's counsel tried to get Cowan's Minnesota lawyer to accept service. The lawyer refused, but the parties then tried to settle the case, and evidently drafts of settlement documents were exchanged. When these efforts failed, SDG filed its First Amended Petition on January 4, 2006, and citation was served on the Secretary of State on or about January 11, 2006. According to SDG, Cowan received the First Amended Petition on January 19, 2006. Neither petitions reference a specific amount of damages. Both petitions, which are identical except for Cowan's address, request general, special, consequential, exemplary, nominal and other damages.

On March 6, 2006, Cowan filed his original answer. On March 22, 2006, Cowan filed special exceptions to the First Amended Petition. SDG filed a Second Amended Petition specifying

1

damages in the amount of $5,000,000 on April 17, 2006. On May 8, 2006, Cowan filed his Notice of Removal. SDG states that Plaintiff waited too long and that the case should be remanded.

A party has the right to remove a case to federal court when federal jurisdiction exists and the removal procedure is properly followed. *See* 28 U.S.C. § 1441. A party can move to remand the case on the basis of a defect in the removal procedure or for lack of subject matter jurisdiction. *See Id.*; 28 U.S.C. § 1447(c). Plaintiff alleges that it was clear on the face of the petitions that SDG sought more than $75,000 in its original petition as well as its First Amended Petition. Plaintiff even points to language in the Notice of Removal that Cowan states that the language noted above as to damages makes diversity jurisdiction facially apparent.

The party who removes the action bears the burden of showing that removal was proper. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988), *appeal after remand*, 915 F.2d 965 (5th Cir. 1990), *aff'd*, 503 U.S. 131 (1992); *Dancy v. Fina Oil & Chem. Co.*, 921 F. Supp. 1532, 1534 (E.D. Tex. 1996). "This extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute." *Albonetti v. GAF Corp. Chem. Group*, 520 F. Supp. 825, 827 (S.D. Tex. 1981). Any doubts concerning removal must be resolved against removal and in favor of remanding the case to state court. *Powers v. S. Cent. United Food & Commercial Workers Unions & Employers Health and Welfare Trust*, 719 F.2d 760, 762 (5th Cir. 1983); *Monterey Mushrooms, Inc. v. Hall*, 14 F. Supp. 2d 988, 990 (S.D. Tex. 1998); *Samuel v. Langham*, 780 F. Supp. 424, 427 (N.D. Tex. 1992); *Scott v. Commc'n Servs., Inc.*, 762 F. Supp. 147, 150 (S.D. Tex. 1991).

Citing *Chapman v. Powermatic, Inc.*, 969 F.2d 160 (5th Cir. 1992) and *Bell v. Jack in the Box, Inc.*, 2000 WL 140769 (N. D. Tex. Feb. 7, 2000), the defendants claim that the thirty day time period

begins to run when the defendants receive a pleading that "affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." *Chapman*, 969 F.2d at 163. There is no requirement in the Fifth Circuit, however, that an actual dollar amount must appear on a paper in the suit. *See, e.g., De Aguilar v. Boeing Co.*, 47 F.3d 1404 (5th Cir. 1995) (detailing how courts are to determine the amount in controversy). Numerous cases make it clear that a petition can facially state a claim over the jurisdictional amount when there are no numbers in the petition at all. *Carleton v. CRC Indus., Inc.*, 49 F. Supp. 2d 961 (S.D. Tex. 1999). (holding that it was readily apparent from an analysis of plaintiff's complaint that more than $75,000 was in controversy); *Cross v. Bell Helmets, USA*, 927 F. Supp. 209, 213-14 (E.D. Tex. 1996)(finding more than $75,000 was in controversy).

In this case, there was ample evidence that there was an amount in controversy greater than $75,000. Here, the First Amended Petition states a cause of action for tortious interference with contractual relations. The petition also seeks exemplary damages and attorney fees. The prior correspondence between the parties' counsel acknowledges that there are disputes as to whom has the right to own the "intellectual property" in dispute and that any litigation will undoubtedly be prolonged and expensive. When factoring in the prayer for damages, attorneys fees and exemplary damages for a business dispute and tort action, it is readily apparent that the amount in controversy would exceed $75,000.

The Fifth Circuit has developed procedures for defendants to follow in removing cases where no amount in controversy has been pleaded in state court. *See De Aguilar*, 47 F.3D at 1410-12. All a defendant must do is establish by a preponderance of the evidence that the amount in controversy exceeds the statutory standard. If a defendant is successful in doing this, then the burden falls on the

plaintiff to prove to a legal certainty that recovery will not exceed that same statutory standard. *Id*. In this case, the defendants could have easily discovered and established that more than $75,000 was in controversy. Defendants simply waited too long. Since Plaintiffs did not raise the issue of whether Defendants were also barred for failing to remove within one year of the commencement of the action, the Court will not address the issue. In the end analysis, the requests for exemplary damages, actual damages and attorneys fees are justification enough for removal. Since Plaintiff does not want to be in this Court , the Court finds that its Motion to Remand should be granted.

### RECOMMENDATION

Based upon the foregoing, the Court RECOMMENDS that Plaintiff's Motion to Remand be GRANTED and that the above titled and numbered cause of action be REMANDED to the 211th District Court of Denton County, Texas.

**SIGNED this 24th day of August, 2006.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE